UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINA FILIPIAK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Regina Filipiak, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## **PARTIES**

3. Plaintiff, Regina Filipiak ("Plaintiff') is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One Bank (USA) N.A. credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant Portfolio Recovery Associates, LLC ("Defendant") is a limited liability company with principal offices at 120 Corporate Boulevard, Norfolk, Virginia 23502. Its registered agent is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, LLC File Detail Report).

5. Defendant is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant is licensed as a collection agency by the Illinois Division of Financial and Professional Regulation. (Exhibit B, Collection Agency License Look-Up).

7. Defendant is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Capital One Bank (USA) N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

9. Defendant purportedly purchased the alleged debt from Capital One Bank (USA) N.A. after default.

10. On or around January 15, 2013, Defendant mailed to Plaintiff a letter in connection with the collection of the alleged debt. (Exhibit C, Letter from Defendant to Plaintiff).

11. Defendant's letter was the "initial communication" between Plaintiff and Defendant that relates to the alleged debt, and contained a validation notice.

12. Plaintiff received Defendant's letter on or around January 22, 2013.

13. In response to Defendant's letter , Plaintiff faxed a letter to Defendant on February 13, 2013, which states in part as follows:

**To Whom It May Concern,**

**I have recently received your letter dated January 15, 2013. The letter states I owe you $1351.81. This is incorrect. Please do not call me or write me anymore regarding this debt.**

(Exhibit D, Letter from Plaintiff to Defendant).

14. Plaintiff faxed her letter to Defendant, disputing the accuracy of the amount of the alleged debt, within the 30 day period after she received the letter from Defendant. Defendant's letter, to which Plaintiff responded, informs Plaintiff of her right to obtain verification of the alleged debt.

15. 15 U.S.C. §1692g of the FDCPA provides as follows:

**§ 1692g. Validation of debts**

\*\*\*

**(b) Disputed debts**

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment,</u> or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

15 U.S.C. 1692g (emphasis added)

16. Defendant received notice of Plaintiff's dispute on February 13, 2013.

17. Defendant did not, at any time before the filing of this Complaint, mail Plaintiff verification of the alleged debt.

18. Defendant nonetheless continued to attempt to collect the alleged debt,

after February 13, 2013, by communicating information regarding the alleged debt to the

Experian, Equifax, and TransUnion credit reporting agencies on a monthly basis, to the

date of the filing of this Complaint.

19.     Credit reporting by a debt collector constitutes an attempt to collect a debt.

*See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a

debt to a consumer reporting agency is a "powerful tool, designed in part to wrench

compliance with payment terms from its cardholder").

20.     Defendant violated 15 U.S.C. §1692g(b) of the FDCPA by continuing to

communicate information regarding the alleged debt to the Experian, Equifax, and

TransUnion credit reporting agencies **after** it received a written dispute of the

alleged debt from Plaintiff within 30 days of Plaintiff's receipt of the initial

communication from Defendant, without first mailing Plaintiff verification of the alleged

debt.

21.     15 U.S.C. §1692e of the FDCPA provides as follows:

**15 U.S.C. §1692e. False or Misleading Representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

***

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

22.     On February 13, 2013 and thereafter, Defendant knew or should have

known that Plaintiff disputed that she owed the alleged debt.

23. Even though Defendant knew or should have known, in February 2013, that Plaintiff disputed owing the alleged debt, Defendant failed to thereafter communicate the fact of Plaintiff's dispute to the Experian and TransUnion credit reporting agencies when it communicated information regarding the debt to said agencies thereafter, on a monthly basis, to the date of filing of this Complaint. Defendant's failure to communicate Plaintiff's dispute of the alleged debt to the Experian and TransUnion credit reporting agencies violates 15 U.S.C. §1692e(8). (Exhibit E, Excerpt of Plaintiff's TransUnion credit report obtained on February 11, 2013 showing Defendant's tradeline being reported **without** dispute notation).

24. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff re-alleges paragraphs 1-24 as if set forth fully in this count.

26. Defendant communicated false credit information in violation of 15 U.S.C. §§1692e and 1692e(8) of the FDCPA when, after receiving notice that Plaintiff disputed the alleged debt, it failed to communicate the fact of the dispute to the Experian and TransUnion credit reporting agencies, even though it had communicated other information regarding the alleged debt to the TransUnion and Experian credit reporting agencies after it had received notice of Plaintiff's dispute.

27. Defendant violated 15 U.S.C. §1692g(b) of the FDCPA by continuing to communicate information regarding the alleged debt to the Experian, Equifax, and TransUnion credit reporting agencies **after** it received a written dispute of the

alleged debt from Plaintiff within 30 days of Plaintiff's receipt of the initial communication from Defendant, without first mailing to Plaintiff verification of the alleged debt.

28. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendant for the count alleged above for:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


**The Law Office of M. Kris Kasalo, Ltd.**  By: **/s/ M. Kris Kasalo**
20 North Clark Street, Suite 3100           M. Kris Kasalo
Chicago, Illinois 60602
tel 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com


## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.